UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **William Lucas**, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>**Citgo Petroleum Corporation,** a Delaware Corporation.<br><br>                              Defendant. | No. _____<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, William Lucas ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Citgo Petroleum Corporation (hereafter "Defendant" or "Citgo") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.,* Illinois Wage Payment and Collection Act ("IWPCA"), 820 115/1 *et seq.* and Fed. R. Civ. P. 23 for Citgo's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.      Plaintiff, the Collective Members and the Class Members are current and former hourly employees of Citgo.  Plaintiff brings this action on behalf of himself and all similarly-situated current and former hourly employees of Citgo who were paid according to non-discretionary bonus plans and worked in excess of forty (40) hours in any given workweek (also referred to as the "Covered Positions").

3.      The Collective Members are all current and former hourly employees of Citgo who were paid a "shift deferential" and worked in excess of forty (40) hours in any given

1

workweek, who were employed at any of Citgo's refineries nationwide at any time starting three years before this Complaint was filed, up to the present.

4.     The IMWL Class Members are all current and former hourly employees of Citgo who were paid according to non-discretionary bonus plans and worked in excess of forty (40) hours in any given workweek, who were employed at Citgo's Lemont, Illinois refinery at any time starting three years before this Complaint was filed, up to the present.

5.     The IWPCA Class members are current and former Citgo employee's employed in the state of Illinois who were subject to Citgo's deduction policies detailed herein.

6.     Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. Citgo paid Plaintiff, the Collective Members and the Class Members according to a non-discretionary bonus policy i.e. the "shift differential", but Citgo did not include these payments as part of Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for the purposes of paying overtime.

7.     The IWPCA prohibits deductions which are not: (1) required by law; (2) to the employee's benefit; (3) in response to a valid wage assignment or wage deduction order; or (4) made with the express written consent of the employee given freely at the time the deductions were made. *See* 820 ILCS 115/9. Citgo made various deductions from Plaintiff's and the IWPCA Class Members' pay for safety equipment, levies, offsets and other miscellaneous deductions that were not required by law; to the employees' benefit; in response to a valid wage assignment or

2

wage deductions order; or made with the express written consent of the employees given freely at the time the deductions were made.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Northern District of Illinois.

10.     Plaintiff performed work and was employed at Citgo's oil refinery located in Lemont, Illinois.

11.     Citgo regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

12.     Plaintiff, the Collective Members and the Class Members in their work for Citgo were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

13.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Cook County, Illinois, and is a former employee of Citgo.

14.     Plaintiff was employed by Citgo as a maintenance mechanic from approximately February, 2008 through approximately May 31, 2021.

15.     The IMWL Class and Collective Members are all current and former employees in the Covered Positions who worked for Citgo at any point in the three years preceding the filing of this Complaint.

3

16.     The IWPCA Class members are all current and former employees in the Covered Positions who worked for Citgo at any point in the ten years preceding the filing of this Complaint.

17.     At all material times, Citgo Petroleum Corporation was a Delaware corporation duly licensed to transact business in the State of Illinois.  At all material times, Citgo does business, has offices, and/or maintains agents for the transaction of its customary business in Cook County, Illinois.

18.     Under the IMWL, IWPCA and FLSA, Citgo is an employer.  At all relevant times, Citgo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Members' employment.  As a person who acted in the interest of Citgo in relation to the company's employees, Citgo is subject to liability under the IMWL, IWPCA and FLSA.

19.     At all material times, Plaintiff and the Class and Collective Members were employees of Citgo as defined by the IMWL, IWPCA and FLSA, 29 U.S.C. § 203(e)(1).

20.     At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

21.     Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as Exhibit "A."

22.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former employees within the Covered Positions who agree in writing to join this action seeking recovery under the FLSA.

23.     Plaintiff brings this action on behalf of himself and all other current or former employees within the Covered Positions who were employed at Citgo's Lemont, Illinois refinery pursuant to Fed. R. Civ. P. 23.

24.     At all relevant times, Plaintiff and the Collective Members were "employees" of Citgo as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

25.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Citgo.

26.     At all relevant times, Citgo was and continues to be an "employer" as defined by the IMWL, IWPCA and FLSA, 29 U.S.C. § 201, *et seq.*

27.     Citgo individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's, the Collective Members' and the Class Members' work and wages at all relevant times.

28.     Plaintiff, the Class Members and Collective Members, in their work for Citgo, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

29.     At all relevant times, Plaintiff and the Class and Collective Members, in their work for Citgo, were engaged in commerce or the production of goods for commerce.

30.     At all relevant times, Plaintiff and the Class and Collective Members, in their work for Citgo, were engaged in interstate commerce.

## FACTUAL ALLEGATIONS

31.     Citgo transforms crude oil into energy products at its refineries located in Lemont, Illinois; Corpus Christi, Texas and Lake Charles, Louisiana. https://www.citgorefining.com/ (last visited Oct. 22, 2021).

32.     The Collective Members are all current and former non-exempt hourly employees of Citgo employed at any of Citgo's refineries who were paid non-discretionary bonus compensation and worked in excess of forty (40) hours in any given workweek.

33.     The IMWL Class Members are all current and former non-exempt hourly employees of Citgo employed at Citgo's Lemont, Illinois refinery who were paid non-discretionary bonus compensation and worked in excess of forty (40) hours in any given workweek.

34.     At all relevant times, Plaintiff was compensated on an hourly basis at a rate of approximately $42.44 per hour.

35.     At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members regularly worked in excess forty hours in a given workweek.

36.     Plaintiff, the Collective Members and the IMWL Class Members were also paid according to a nondiscretionary bonus compensation plan wherein Plaintiff received a "shift differential" which operates as an increased hourly wage that Plaintiff is paid for working on less desirable or high demand shifts.

37.     The shift differential bonus compensation paid to Plaintiff, the Collective Members and the IMWL Class Members was non-discretionary.

38.     When Plaintiff worked in excess of forty hours per week, Citgo paid him only one and one-half times his base hourly wage as overtime compensation and Citgo did not include Plaintiff's nondiscretionary bonus pay as part of his regular rate of pay for the purpose of computing overtime.

39.     For example, during for the pay period ending May 3, 2020, Plaintiff worked 24 hours in which he was paid a "shift differential" of $0.75 per hour which was added to his base hourly wage of $42.44. During that same period, Plaintiff worked 8 hours of overtime. However,

Plaintiff was compensated at only one- and one-half times his regular rate of $42.44 for these overtime hours and the non-discretionary "shift differential" was not included in his regular rate of pay to compute his overtime wage. A true and complete copy of Plaintiff's May 3, 2020 pay stub is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

40.     Citgo failed to include this non-discretionary bonus income in his regular rate of pay for the purposes of computing Plaintiff's overtime wage during each and every work week in which Plaintiff worked in excess of forty (40) hours.

41.     Citgo similarly failed to include the IMWL Class and Collective Members' bonus income in their regular rate of pay for the purposes of computing the Class and Collective Members' overtime wages during each and every work week in which the Class and Collective Members worked in excess of forty (40) hours.

42.     Plaintiff, the IMWL Class members and the Collective Members were also paid according to an annual compensation and incentive plan for hourly employees. This plan was performance based whereby Plaintiff, the IMWL Class Members and the Collective Members would be paid an annual or semi-annual bonus payment based on previously communicated performance goals and metrics. This bonus plan was non-discretionary.

43.     Citgo likewise failed to include these annual or semi-annual bonus payments in Plaintiff's regular rate of pay for the purposes of computing overtime. For example, for the 2020 calendar year, Plaintiff earned at least $1,881.15 pursuant to Citgo's company-wide compensation and incentive plan or hourly employees; however, this income was not factored into Plaintiff's regular rate of pay for the purposes of computing overtime. A true and complete copy of Plaintiff's November 29, 2020 pay stub is attached hereto as Exhibit "C" and incorporated as if fully rewritten herein.

44. Citgo similarly failed to include the IMWL Class Members' and the Collective Members' annual compensation and incentive bonuses for hourly employees for the purpose of computing overtime.

45. During the course of Plaintiff's employment with Citgo, Citgo made deductions from Plaintiff's wages for safety equipment, levies, offsets and other miscellaneous deductions. A true and complete copy of Plaintiff's November 23, 2014 pay stub evidencing examples of such deductions is attached hereto as Exhibit "D" and incorporated as if fully rewritten herein.

46. Citgo's deduction policies are company-wide and Citgo made similar deductions for safety equipment, levies, offsets and other miscellaneous deductions from the IWPCA Class Members' pay.

47. The deductions made by Citgo from Plaintiff's and the IWPCA Class Members' compensation were not required by law.

48. The deductions made by Citgo from Plaintiff's and the IWPCA Class Members' compensation were not to Plaintiff's and the IWPCA Class Members' benefit.

49. The deductions made by Citgo from Plaintiff's and the IWPCA Class Members' compensation were not in response to a valid wage assignment or a wage deduction order.

50. The deductions made by Citgo from Plaintiff's and the IWPCA Class Members' compensation were not made with the express written consent of Plaintiff and the IWPCA Members', given freely at the time the deductions were made.

51. During all weeks that Plaintiff and the IWPCA Class Members performed labor for Citgo:

    a. Plaintiff's and the IWPCA Class Members' work was to the benefit of Citgo;

    b. Plaintiff's and the IWPCA Class Members' work was an integral part of Citgo's

business;

c. Citgo had control or influence over the terms or conditions of Plaintiff's
and the IWPCA Class Members' employment, including the Plaintiff's
and the IWPCA Class Members' work schedule; and

d. Citgo provided the tools or materials used by Plaintiff and the IWPCA Class
Members to perform the work.

52. Plaintiff and the Class and Collective Members were non-exempt employees.

53. Plaintiff and the Class and Collective Members were not managers. They did not
have supervisory authority over any employees, did not possess the authority to hire or fire
employees, did not possess authority to make critical job decisions with respect to any of Citgo's
employees, did not direct the work of two or more employees, and did not exercise discretion and
independent judgment with respect to matters of significance.

54. The primary duty of Plaintiff and the Class and Collective Members was not the
management of the enterprise in which they were employed or any recognized department of the
enterprise.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff and the Collective Members reallege and incorporate by reference all
allegations in all preceding paragraphs.

56. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as
a representative of individuals similarly situated who are current or former employees of Citgo in
the Covered Positions.

57. Citgo subjected all of their employees within the Covered Positions, including
Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-

half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

58.　At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Citgo's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying the employees within the Covered Positions one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

59.　Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

60.　The Collective Members perform or have performed the same or similar work as Plaintiff.

61.　Citgo's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

62.　Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Citgo that caused harm to all of the Collective Members.

63.     As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All current and former hourly employees of Citgo who were paid non-discretionary bonus income and worked in excess of forty (40) hours in any given workweek, who were employed at any of Citgo's refineries nationwide at any time starting three years before this Complaint was filed, up to the present.**

64.     Citgo's unlawful conduct, as described herein, is pursuant to its corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

65.     Citgo was aware or should have been aware that federal law prohibited them from failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

66.     Citgo's unlawful conduct has been widespread, repeated, and consistent.

67.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

68.     Upon information and belief, the individuals similarly situated to Plaintiff include hundreds, and possibly thousands, of current and former Citgo employees. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Citgo's possession, custody, or control, but it can be readily ascertained from their employment records.

69.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Citgo, via email at the last known email address known to Citgo, by text message to the last known telephone number known to Citgo and by workplace posting at each of Citgo's refineries.

11

**RULE 23 CLASS DEFINITIONS AND ALLEATIONS**

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     Plaintiff brings Claims for Relief for violation of the IMWL and IWPCA as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following class (the "Illinois Class") comprised of:

72.     **IMWL Rule 23 Class:**

**The IMWL Class Action Members are current and former hourly employees of Citgo who were paid non-discretionary bonus income and worked in excess of forty (40) hours in any given workweek, who were employed at Citgo's Lemont, Illinois refinery at any time starting three years before this Complaint was filed, up to the present.**

**IWPCA Rule 23 Class:**

**The IWPCA Class Action Members are current and former hourly employees of Citgo who had their pay deducted by Citgo for safety equipment, levies, offsets and other miscellaneous deductions at any time starting ten years before this Complaint was filed, up to the present.**

**Numerosity (Rule 23(a)(1)).**

73.     The IMWL and IWPCA Class are so numerous that joinder of all members is impracticable.  Plaintiff on information and belief alleges, that Citgo employed greater than one hundred people who satisfy the definition of the IMWL and IWPCA Class.

   **a.   Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

74.     Common questions of law and fact exist as to the Plaintiffs and the members of the IMWL and IWPCA Class including, but not limited to, the following:

   a.   Whether Citgo unlawfully failed to pay members of the IMWL Class the overtime wage, in violation of the Illinois Minimum Wage Law;

b. Whether Citgo made unlawful deductions from the IWPCA Class members' pay in violation of the Illinois Wage Payment and Collection Act;

c. Whether Citgo unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

d. The damages sustained and the proper measure of restitution recoverable by members of the IMWL and IWPCA Class.

### b. Typicality (Rule 23(a)(3)).

75. Plaintiff's claims are typical of the members of the IMWL and IWPCA Class' claims. Plaintiff, like other members of the IMWL and IWPCA Class, was subjected to Citgo's illegal scheme to maximize profits by depriving their employees of overtime compensation and making unlawful deductions from their pay.

### c. Adequacy (Rule 23(a)(4)).

76. Plaintiff will fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

77. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Citgo acted or refused to act on grounds generally applicable to the members of the Illinois Class, making appropriate declaratory relief with respect to the members of the IMWL and IWPCA Class as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

78. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3)

because questions of law and fact common to members of the IMWL and IWPCA Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Citgo's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the IMWL and IWPCA Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Citgo's practices.

79.     Plaintiff intends to send notice to all members of the IMWL and IWPCA Class to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

73.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

74.     At all relevant times, Plaintiff and the Collective Members were compensated on an hourly basis.

75.     At all relevant times, Plaintiff and the Collective Members regularly worked in excess forty hours in any given workweek.

76.     Plaintiff and the Collective Members were paid according to a bonus compensation plan wherein Plaintiff and the Collective Members received a "shift differential" which operates as an increased hourly wage that Plaintiff and the Collective Members are paid for working on less desirable or high demand shifts.

77.     The shift differential bonus compensation plan that Plaintiff and the Collective Members were subject to was non-discretionary.

78.     Plaintiff and the Collective Members were also paid according to an annual compensation and incentive plan for hourly employees. This plan was performance based whereby Plaintiff and the Collective Members would be paid an annual or semi-annual bonus payment based on previously communicated performance goals and metrics. This bonus plan was non-discretionary.

79.     Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. Citgo paid Plaintiff and the Collective Members according to non-discretionary bonus policies, but Citgo did not include these bonus payments as part of Plaintiff's and the Collective Members' regular rates of pay for the purposes of paying overtime.

80.     Citgo failed to include Plaintiff's and the Collective Members' bonus income in their regular rate of pay for the purposes of computing overtime wages during each and every work week in which Plaintiff and the Collective Members worked in excess of forty (40) hours.

81.     For example, during for the pay period ending May 3, 2020, Plaintiff worked 24 hours in which he was paid a "shift differential" of $0.75 per hour which was added to his base hourly wage of $42.44. During that same period, Plaintiff worked 8 hours of overtime. However, Plaintiff was compensated at only one- and one-half times his regular rate of $42.44 for these overtime hours and the non-discretionary "shift differential" was not included in his regular rate

of pay to compute his overtime wage. A true and complete copy of Plaintiff's May 3, 2020 pay stub is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

82.     Citgo likewise failed to include these annual or semi-annual bonus payments in Plaintiff's regular rate of pay for the purposes of computing overtime. For example, for the 2020 calendar year, Plaintiff earned at least $1,881.15 pursuant to Citgo's company-wide compensation and incentive plan for hourly employees; however, this income was not factored into Plaintiff's regular rate of pay for the purposes of computing overtime. A true and complete copy of Plaintiff's November 29, 2020 pay stub is attached hereto as Exhibit "C" and incorporated as if fully rewritten herein.

83.     Citgo similarly failed to include these non-discretionary shift differential and incentive plan bonus payments as part of the Collective Members' rates of pay for the purposes of computing the overtime rate owed to the Collective Members.

84.     As a result, Citgo has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

85.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

86.     Citgo knew that – or acted with reckless disregard as to whether – its refusal

or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Citgo was aware of the FLSA's overtime requirements. As such, Citgo's conduct constitutes a willful violation of the FLSA.

87. As a result of Citgo's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times their regular hourly rate for all work they performed for Citgo in excess of their regular 40-hour workweek, Citgo violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: ILLINOIS MINIMUM WAGE LAW
## UNPAID OVERTIME

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. At all relevant times, Plaintiff and the IMWL Class Members were compensated on an hourly basis.

90. At all relevant times, Plaintiff and the IMWL Class Members regularly worked in excess forty hours in a given workweek.

91. Plaintiff and the IMWL Class Members were paid according to a bonus compensation plan wherein Plaintiff and the IMWL Class Members received a "shift differential" which operates as an increased hourly wage that Plaintiff and the IMWL Members are paid for working on less desirable or high demand shifts.

92. The shift differential bonus compensation plan that Plaintiff and the Class Members were subject to was non-discretionary.

17

93. Plaintiff and the IMWL Class Members were also paid according to an annual compensation and incentive plan for hourly employees. This plan was performance based whereby Plaintiff and the IMWL Class Members would be paid an annual or semi-annual bonus payment based on previously communicated performance goals and metrics. This bonus plan was non-discretionary.

94. Under the IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. Citgo paid Plaintiff and the IMWL Class Members according to non-discretionary bonus policies, but Citgo did not include these bonus payments as part of Plaintiff's and the IMWL Class Members' regular rates of pay for the purposes of paying overtime.

95. For example, during for the pay period ending May 3, 2020, Plaintiff worked 24 hours in which he was paid a "shift differential" of $0.75 per hour which was added to his base hourly wage of $42.44. During that same period, Plaintiff worked 8 hours of overtime. However, Plaintiff was compensated at only one- and one-half times his regular rate of $42.44 for these overtime hours and the non-discretionary "shift differential" was not included in his regular rate of pay to compute his overtime wage. A true and complete copy of Plaintiff's May 3, 2020 pay stub is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

96. Citgo likewise failed to include these annual or semi-annual bonus payments in Plaintiff's regular rate of pay for the purposes of computing overtime. For example, for the 2020 calendar year, Plaintiff earned at least $1,881.15 pursuant to Citgo's company-wide compensation and incentive plan or hourly employees; however, this income was not factored into Plaintiff's

18

regular rate of pay for the purposes of computing overtime. A true and complete copy of Plaintiff's November 29, 2020 pay stub is attached hereto as Exhibit "C" and incorporated as if fully rewritten herein.

97.     Citgo similarly failed to include these non-discretionary shift differential and incentive plan bonus payments as part of the IMWL Class Members' rates of pay for the purposes of computing the overtime rate owed to the IMWL Class Members.

98.     As a result, Citgo has intentionally failed and/or refused to pay Plaintiff and the IMWL Class Members overtime according to the provisions of the IMWL.

99.     Citgo has engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the IMWL Class Members in accordance with IMWL § 820 105/4(a).

100.    Citgo has willfully failed and/or refused to pay Plaintiff and the IMWL Class Members overtime according to the provisions of the IMWL.

101.    Although at this stage, Plaintiff and the IMWL Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IMWL Class Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

102.    Citgo knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the IMWL Class Members over the course of their working from home would violate Illinois law, and Citgo was aware of the Illinois overtime wage

requirements during Plaintiff's and the IMWL Class Members' employment. As such, Citgo's conduct constitutes a willful violation of the IMWL.

103. Citgo has and continues to willfully violate the IMWL by not paying Plaintiff and the IMWL Class Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Citgo in excess of their regular 40-hour workweek.

104. As a result of Citgo's failure or refusal to pay Plaintiff and the IMWL Class Members a wage equal to one-and-one-half times Plaintiff's and the IMWL Class Members' regular rates of pay for work they performed for Citgo in excess of their regular 40-hour workweek, Citgo violated IMWL 820 § 105/4(a). Plaintiff and the IMWL Class Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: ILLINOIS WAGE PAYMENT AND COLLECTION ACT PROHIBITED DEDUCTIONS

105. Plaintiff realleges and incorporates the previous allegations of this Complaint.

106. Citgo made unauthorized deductions from the wages of Plaintiff and the IWPCA Class Members for safety equipment, levies, offsets and other miscellaneous deductions. A true and complete copy of Plaintiff's November 23, 2014 pay stub evidencing examples of such deductions is attached hereto as Exhibit "D" and incorporated as if fully rewritten herein.

107. The deductions were not: (1) required by law; (2) to the employee's benefit; (3) in response to a valid wage assignment or wage deduction order; and (4) made with the express written consent of the employee given freely at the time the deductions were made.

108. In violation of 820 ILCS 115/9.5, Citgo failed to reimburse its employees for these deductions.

109. The business expenses and the expenditures were incurred by Plaintiff and the

20

technicians were for the benefit of the Citgo.

**WHEREFORE**, Plaintiff, William Lucas, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members', the IMWL Class Members' and the IWPCA Class Members' favor, and against Defendant, Citgo Petroleum Corporation:

A.     For the Court to declare and find that the Citgo committed one or more of the following acts:

    i.     violated the minimum wage and overtime provisions of the FLSA, by failing to pay proper minimum and overtime wages;

    ii.     willfully violated the minimum wage and overtime provisions of the FLSA;

    iii.     violated the minimum wage and overtime provisions of IMWL, by failing to pay proper minimum and overtime wages; and

    iv.     willfully violated the minimum wage and overtime provisions of the IMWL;

    v.     violated the provisions of the Illinois Wage Payment and Collection Act; and

    vi.     willfully violated the IWPCA.

B.     For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award all statutory damages, interest attorney fees and costs owed to Plaintiff and the Class Members under the IMWL and IWPCA.

F.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.    For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H.    Such other relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, the FLSA Collective, and the Illinois Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  October 28, 2021

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com