IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LUCAS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CITGO PETROLEUM CORPORATION,<br><br>Defendant. | Civil Action No. 1:21-cv-05770<br><br>Magistrate Judge Beth W. Jantz |

**FINAL ORDER**
**APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS**

WHEREAS, after a full final approval and fairness hearing, and having reviewed the settlement memorialized in the Settlement Agreement entered into by and between Defendant CITGO Petroleum Corporation (CITGO") and Plaintiff William Lucas ("Plaintiff") attached as Exhibit 1 to Plaintiff's Motion for Preliminary Approval of the Class Action Settlement (the "Settlement Agreement"), and it appearing to the Court that, upon examination, the Settlement Agreement and settlement terms are fair, reasonable, and adequate:

**IT IS HEREBY ORDERED THAT**:

    1.    For settlement purposes, the following class is finally certified as a class action under Federal Rule of Civil Procedure 23:

> All current and former employees of CITGO who work or worked at CITGO's Lemont, Illinois refinery at any time from October 28, 2011, through the date of the order granting preliminary approval and who, during this time period, had a safety equipment deduction.

    2.    William Lucas is appointed as Class Representative for the Class.

    3.    Michael L. Fradin and James L. Simon are appointed as Class Counsel for the Class.

1

4. The settlement memorialized in the Settlement Agreement is approved and binding on Plaintiff and all Class Members who did not timely opt out of the class.

5. Plaintiff's individual claims as asserted in the Complaint for the period from October 28, 2011, through the date of this Order are dismissed without prejudice, and the general release of claims set forth in the Settlement Agreement is approved. Such dismissal shall automatically convert to a dismissal with prejudice as set forth in paragraph 12 of this Order.

6. The following claims of Plaintiff and Participating Class Members for the period from October 28, 2011, through the date of this Order are dismissed without prejudice. Such dismissal shall automatically convert to a dismissal with prejudice as set forth in paragraph 12 of this Order:

> Plaintiff and each Participating Class Member forever and fully releases CITGO Petroleum Corporation ("CITGO"), together with CITGO's parents, subsidiaries, affiliates, divisions, partners, members, joint ventures, predecessor and successor corporations and business entities, past, present, and future and its and their agents, directors, officers, employees, shareholders, insurers and reinsurers, representatives, attorneys, and employee benefit plans and administrators (and the trustees or other individuals affiliated with such plans) past, present, and future (collectively, the "Released Parties") of and from any and all past and present matters, claims, demands, and causes of action of any kind, whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, local, or other applicable law, which any such individual has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, under the Illinois Wage Payment and Collection Act ("IWPCA") that were or could have been brought in the *William Lucas, individually and on behalf of all others similarly situated v. CITGO Petroleum Corporation*, Civil Action No. 1:21-cv-05770, U.S. District Court for the Northern District of Illinois ("the Lawsuit"), or that arise out of or relate to the facts, acts, transactions, occurrences, events or omissions alleged in the Lawsuit, and/or that otherwise arise out of or relate to the assertion of claims in the Lawsuit, including without limitation all known or unknown claims for alleged unlawful payroll deductions by any Released Parties, liquidated damages, penalties, and interest, and that arose during any time that such individuals worked for Defendant up until the date of the entry of the Final Approval Order ("Released Claims"). The Released Claims include without limitation any IWPCA claims that were or could have been asserted in the Lawsuit or any other alleged unlawful payroll deduction claims under federal, state, local, or other applicable law, including without limitation all known or unknown claims for liquidated damages, penalties, and interest.

7. Defendant shall be forever discharged from all released claims; and

8. Plaintiff's Counsel is awarded $30,000.00 in attorneys' fees and $470.81 in costs and expenses.

9. The Service Award to Plaintiff William Lucas in the sum of $7,500.00 is approved.

10. Upon entry of this Order, this action shall be dismissed without prejudice.

11. Within 30 days of entry of this Order, Defendant shall fund the settlement in accordance with the Settlement Agreement.

12. Pursuant to the Court's April 17, 2023 Scheduling Order (Dkt. 44), the dismissal without prejudice shall automatically convert to a dismissal with prejudice 37 calendar days after entry of this Order, provided that the Settlement Administrator shall not distribute the Attorneys' Fees and Expenses Award, Service Award, or the Individual Settlement Awards pursuant to Section 7 of the Settlement Agreement until after the dismissal converts to with prejudice and the later of the following have occurred:

    a. The governing time periods for seeking rehearing, reconsideration, appellate review and/or an extension of time for seeking appellate review of the Final Approval Order dismissing the matter with prejudice have expired and there have been no such actions, or

    b. If rehearing, reconsideration, appellate review, and/or an extension of time for seeking appellate review is sought, 10 business days after any and all avenues of rehearing, reconsideration, appellate review and/or extension of time have been exhausted and no further rehearing, reconsideration, appellate review, and/or extension of time is permitted, and the time for seeking such things has expired, and the judgment has not been modified, amended, or reversed in any way.

E N T E R:

Dated: September 19, 2023

*[signature: Beth W. Jantz]*

BETH W. JANTZ
United States Magistrate Judge